# EXHIBIT B

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN SLAUGHTER,<br>1825 K Street NW, Suite 750<br>Washington, DC 20006<br><br>and<br><br>All others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>THE CATHOLIC UNIVERSITY OF AMERICA,<br>620 Michigan Avenue NE<br>Washington, DC 20064<br><br>　　　　　Defendant. | **JURY TRIAL DEMANDED**<br><br><br><br><br><br><br><br>Civil Action No.　　2023-CAB-004788 |

## **COMPLAINT**

### INTRODUCTION

Steven Slaughter ("Slaughter" or "Plaintiff"), individually and on behalf of all similarly situated individuals, brings this action against Defendant The Catholic University of America ("CUA") for its willful failure to compensate Plaintiff and similar situated individuals overtime wages and other unpaid wages. Specifically, Defendants falsified time records and failed to pay Plaintiff and others similarly situated their legally mandated wages in violation of the District of Columbia's Wage Payment and Collection Law ("WPCL"), D.C. Code §§ 32-1301 *et seq.*, the District of Columbia's Minimum Wage Act ("MWA"), D.C. Code §§ 32-1001 *et seq.*, and the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this claim and venue is proper because Defendant

regularly conducts business in the District of Columbia and a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Columbia.

## PARTIES

2. Plaintiff Steven Slaughter is a resident of Maryland and was employed as a Campus Police Officer in the Department of Public Safety by Defendant CUA from March 3, 2008 until October 25, 2021.

3. Plaintiff brings this action on behalf of himself and similarly situated current and former Department of Public Safety employees who elect to opt in pursuant to the FLSA, 29 U.S.C. § 216(b) to remedy Defendant's violations of FLSA wage and hour provisions.

4. Plaintiff also brings this action on behalf of himself and similarly situated current and former Department of Public Safety employees, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of D.C. Code §§ 32-1001 *et seq.* and 32-1001 *et seq.*

5. Defendant CUA is a nonprofit institute of higher education in the District of Columbia.

## FACTUAL ALLEGATIONS

6. Between 2016 and the present, Plaintiff and other similarly situated individuals performed work for and were employees of Defendant CUA in the District of Columbia.

7. At all times relevant, Plaintiff and other similarly situated individuals were non-exempt, paid on an hourly basis, and entitled to overtime for any hours worked above 40 in a weekly pay period.

8. At all times relevant, Plaintiff and other similarly situated individuals were "employees" as defined in the FLSA, the WPCL, and the WPA.

9. At all relevant times, Defendant CUA was an "employer" as that term is defined by the FLSA, the WPCL, and the WPA, due to its employment of Plaintiff and those similarly

situated as described herein.

10. At all relevant times, Defendant had direct or indirect control and authority over Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment.

11. At all relevant times, Defendant exercised that authority and control over Plaintiff and other similarly situated employees.

12. At all relevant times, Defendant had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

13. At all relevant times, Defendant suffered or permitted Plaintiff and other similarly situated employees to perform uncompensated work. The work that Plaintiff and other similarly situated employees performed was for Defendant's benefit.

14. During relevant times, Defendant maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

15. During relevant times, Defendant has benefitted from the work performed by Plaintiff and those similarly situated.

16. Upon information and belief, during the three years preceding the filing of the Complaint, Defendant operated and controlled an enterprise and employed employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. During the last three years, Defendant has had an annual gross volume of sales made or

business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the District of Columbia.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

19. At all times relevant, (1) Defendant was an employer as defined by the FLSA and accompanying state wage and hour laws, (2) Plaintiff and those similarly situated employees regularly worked overtime without compensation, and (3) Defendant knew that Plaintiff and those similarly situated worked overtime and did not pay them for it, including, but not limited to, one or more reasons alleged below.

20. During their employment with Defendant, Plaintiff and similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA, the WPCL, and the WPA for all of their compensable hours worked due to its company-wide policies/practices in several ways more fully outlined below.

21. While employed at Defendant CUA, Plaintiff and similarly situated individuals were not paid all wages earned on their regular paydays.

22. Specifically, Defendant CUA required employees to perform integral and indispensable work off-the-clock, rounded down the number of hours worked and recorded by Plaintiff and similarly situated individuals, and then paid them only for the reduced hours instead of the actual hours they worked.

23. All of Defendant's Department of Public Safety employees have been subject to the same or similar employment policies and practices, including policies and practices with

respect to the payment of wages.

24. Plaintiff and similarly situated individuals were required to arrive at Defendant CUA 30 minutes early each day to obtain briefings and participate in rollcall, yet were never compensated for this time.

25. For example, when Plaintiff arrived for his morning shift at 6:30 a.m., he would only be paid as though he had started working as of 7:00 a.m. Defendant CUA deprived Plaintiff of wages for the time he was required to be on-campus, depriving him of pay for the time worked before 7:00 a.m.

26. Defendant CUA failed to pay Plaintiff and other similarly situated individuals for working more than 40 hours in a weekly pay period.

27. For example, for the pay period beginning March 16, 2021 and ending March 31, 2021, Plaintiff worked 86 hours, all of which were paid at his regular rate of $23.85.

28. Individuals similarly situated to Plaintiff experienced similar wage and hour violations while employed by Defendant CUA.

29. Upon information and belief, Defendant CUA knowingly failed to pay Plaintiff and other similarly situated individuals for the hours they worked and for the overtime they earned.

30. The integral and indispensable unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

31. The unpaid work performed by Plaintiff and other similarly situated employees constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

32. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees and was part of

their continuous workday.

33. Defendant CUA failed to pay Plaintiff and others similarly situated all wages due, as required by the WPCL, MWA, and FLSA.

34. Defendant's conduct was willful, repeated, knowing, and intentional.

35. This action can, and should, be maintained as a collective action for all claims of unpaid wages and unpaid overtime compensation that can be redressed under the WPCL, MWA, and FLSA.

36. Plaintiff seeks certification of these claims as a collective action on behalf of all similarly situated individuals who were employed by Defendant CUA in the Department of Public Safety.

37. Members of the proposed collective action are similarly situated.

38. Members of the proposed collective action have been subjected to the same or substantially the same pay policies, practices, and wage violations.

39. Members of the proposed collective action have been subjected to the same or substantially the same policy or practice that required or permitted them to perform work for Defendant's benefit without compensation for hours worked.

40. Members of the proposed collective action have been subjected to the same or substantially the same policy or practice that required or permitted them to perform work in excess of 40 hours per week for Defendant CUA's benefit without proper one-and-a-half times rate of compensation for hours worked.

41. These individuals would benefit from the issuance of Court-supervised Notice and the opportunity to join the lawsuit.

42. Plaintiff and the members of the proposed collective action should therefore be permitted

to pursue the claims collectively on their own behalf and on behalf of all past and present non-exempt employees of Defendant CUA's Department of Public Safety who were not paid their lawfully owed wages, including overtime, at any time from the earliest date actionable under the limitations period appliable to the given claim until the date of judgment.

43. Plaintiff hereby consents to be the Named Plaintiff in this action. If this case does not proceed as a collective action, Plaintiff intends to seek relief individually.

### WPCL Collective Action for Failure to Pay Wages

44. Plaintiff brings Count One of this action on his own behalf and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

45. The collective that Plaintiff seeks to represent and to whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former Department of Public Safety employees of Defendant CUA who were paid for at least forty (40) hours of work in one or more workweeks beginning three (3) years prior to the filing of the Complaint and continuing through the date of judgment (the "WPCL Collective" or the "WPCL Collective Members").

46. This action is maintainable as an opt-in collective action pursuant to the WPCL, D.C. Code § 32-1308 as to claims for wages not timely paid and for failure to pay wages for hours worked, additional liquidated damages of three times the sum of any wage damages, attorneys' fees, and costs. In addition to Plaintiff, numerous current and former Department of Public Safety employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is

acting on behalf of their interests, as well as his own, in bringing this action.

47. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to D.C. Code § 32-1308 for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

### FLSA Collective Action for Failure to Pay Wages

48. Plaintiff brings Count One of this action on his own behalf and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

49. The collective that Plaintiff seeks to represent and to whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former Department of Public Safety employees of Defendant CUA who were paid for at least forty (40) hours of work in one or more workweeks beginning three (3) years prior to the filing of the Complaint and continuing through the date of judgment (the "FLSA Collective" or the "FLSA Collective Members").

50. This action is maintainable as an opt-in collective action pursuant to the FLSA as to claims for wages not timely paid and for failure to pay wages for hours worked, additional liquidated damages of three times the sum of any wage damages, attorneys' fees, and costs. In addition to Plaintiff, numerous current and former Department of Public Safety employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

51. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

## COUNT I

### FAILURE TO TIMELY PAY WAGES
D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.*

52. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53. D.C. Code § 32-1302 provides that "[a]n employer shall pay all wages earned to his or her employees on regular paydays designated in advance by the employer and at least twice during each calendar month."

54. D.C. Code § 32-1303 further provides that "[w]henever an employer discharges an employee, the employer shall pay the employee's wages" within four days and that "[w]henever an employee … quits or resigns, the employer shall pay the employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier."

55. D.C. Code § 32-1301(3) defines wages to include all funds owed as wages "[p]ursuant to District or federal law."

56. Plaintiff and other similarly situated individuals were employees of Defendant CUA.

57. Defendant CUA violated the District of Columbia's Wage Payment and Collection Law by failing to timely compensate Plaintiff and other similarly situated individuals for all wages due, including overtime wages.

58. Defendant CUA willfully failed to pay Plaintiff and other similarly situated individuals all wages earned, including overtime wages.

59. The statutory penalty for a willful violation of D.C. Code § 32-1302 *et seq.* is $5,000 for the first offense, per affected employee. D.C. Code § 32-1307.

## COUNT II

### FAILURE TO PAY OVERTIME
Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

60. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

61. 29 U.S.C. § 207(a) provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

62. Plaintiff and other similarly situated individuals were employees of Defendant CUA.

63. Defendant CUA violated the federal Fair Labor Standards Act by failing to timely compensate Plaintiff and other similarly situated individuals for all wages due, including overtime wages.

64. Defendant CUA willfully failed to pay Plaintiff and other similarly situated individuals all wages earned, including overtime wages.

65. Pursuant to 29 U.S.C. § 216(b), Plaintiff and other similarly situated individuals are entitled to recover liquidated damages in an amount equal to their back pay damages for Defendant CUA's failure to pay overtime compensation.

66. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, Plaintiff and other similarly situated individuals are entitled to recovery interest on their back pay damages for Defendant

CUA's failure to pay them overtime compensation.

67. Pursuant to 29 U.S.C. § 216(b) and 5 U.S.C. § 5596, Plaintiff and other similarly situated individuals are entitled to recover attorneys' fees and costs.

## COUNT III

### FAILURE TO PAY OVERTIME
D.C. Minimum Wage Act, D.C. Code §§ 32-1001 *et seq.*

68. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

69. D.C. Code § 32-1003(c) provides that "No employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which the employee is employed."

70. Plaintiff and other similarly situated individuals were employees of Defendant CUA.

71. Defendant CUA violated the District of Columbia's Minimum Wage Act by failing to timely compensate Plaintiff and other similarly situated individuals for all wages due, including overtime wages.

72. Defendant CUA willfully failed to pay Plaintiff and other similarly situated individuals all wages earned, including overtime wages.

73. The statutory penalty for a willful violation of D.C. Code § 32-1001 *et seq.* is $300 for the first offense, per affected employee. D.C. Code § 32-1011(d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of others similarly situated, respectfully requests that the Court certify a collective action under D.C. and federal law, enter

judgment against Defendant CUA on all counts, and award Plaintiff and all similarly situated individuals the following:

i. Unpaid wages, plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to D.C. Code § 32-1308;

ii. Reasonable attorneys' fees and expenses incurred in the prosecution of this action;

iii. The costs that they incur in the prosecution of this action;

iv. Interest as permitted by law; and,

v. Any additional relief the Court deems just.

In addition, Plaintiff requests that this Court impose a fine of $5,000 per affected employee upon Defendant CUA, pursuant to D.C. Code § 32-1307, and a fine of $300 per affected employee upon Defendant CUA, pursuant to D.C. Code § 32-1011(d), for its willful failure to pay Plaintiff and other similarly situated individuals wages due, including overtime.

## JURY DEMAND

Plaintiff respectfully requests that this matter be heard by a jury on all issues, including the measure of damages.

Dated: August 3, 2023                Respectfully submitted,

By: /s/ Alan Lescht
ALAN LESCHT & ASSOCIATES
Alan Lescht [#441691]
Nekeisha Campbell [#1754385]
Laura Older Rockmore [# forthcoming]
1825 K Street NW, Suite 750
Washington, DC 20006
(202) 463-6036
Alan.Lescht@leschtlaw.com
Nekeisha.Campbell@leschtlaw.com
Laura.Rockmore@leschtlaw.com

*Attorneys for Plaintiff*