UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN SLAUGHTER,<br><br>Plaintiff,<br><br>v.<br><br>CATHOLIC UNIVERSITY OF AMERICA,<br><br>Defendant, | Civil Action No. 23-2703 (JEB) |

MEMORANDUM OPINION

Plaintiff Steven Slaughter — a campus police officer employed by Defendant Catholic University of America for over a dozen years — has filed this suit against his former employer for allegedly failing to compensate him for hours worked and neglecting to pay overtime wages. Catholic moves to dismiss on grounds of federal preemption and failure to state a claim. Agreeing with the latter charge, the Court will grant the Motion. In doing so, it dismisses the Complaint but not the case, and it will permit Slaughter leave to amend.

I.  Background

The Court draws the facts from the Complaint, as it must at this stage. Slaughter worked in the Department of Public Safety at Catholic between March 3, 2008, and October 25, 2021. See ECF No. 1-2 (Compl.), ¶ 2. From 2016 onward, the University regularly "required [Plaintiff and other] employees to perform integral and indispensable work off-the-clock, rounded down the number of hours worked and recorded by [them], and then paid them only for the reduced hours instead of the actual hours they worked." Id., ¶¶ 6, 22. Slaughter, for example, was required to arrive at 6:30 a.m. to "obtain briefings and participate in rollcall" in advance of his 7:00 a.m. shift but was never compensated for that time. Id., ¶¶ 24–25. Catholic also failed to

1

pay him overtime wages during weekly pay periods in which he worked more than 40 hours. Id., ¶ 26. He cites the pay period of March 16 to March 31, 2021, as an example: despite working 86 hours during that timeframe, he was paid for all hours at his "regular rate of $23.85." Id., ¶ 27.

On August 3, 2023, Slaughter filed the instant suit on behalf of himself and a class of similarly situated University employees in D.C. Superior Court. Id. at 1. He alleged that Defendant did not "timely pay wages" in violation of the D.C. Wage Payment and Collection Law (WPCL), D.C. Code §§ 32-1301 et seq. (Count I) and did not pay overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. (Count II), and D.C. Minimum Wage Act (MWA), D.C. Code §§ 32-1001 et seq. (Count III). Id., ¶¶ 52–73.

Invoking federal-question jurisdiction, Catholic then removed the action to this Court on September 15, 2023, see ECF No. 1 (Notice of Removal), and moved to dismiss the following week. See ECF No. 4 (MTD).

## II.     Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." In evaluating a defendant's motion to dismiss, a court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint.  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)).  For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555–56 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### III.     Analysis

Catholic's Motion raises a number of substantial issues — including (1) whether all three of Plaintiff's claims "substantially depend" on the Collective Bargaining Agreement between his union and the University and are thus preempted by the Labor Management Relations Act; (2) whether, even if construed as asserting a claim under that statute, the Complaint must still be dismissed because there are grievance procedures under the CBA that remain unexhausted; (3) whether the Court may consider the CBA without converting the Motion to a motion for summary judgment, which could be premature without discovery; and (4) whether the claims meet the minimum standard of adequate pleading at this stage.

The Court, however, need not address them all at this juncture.  The sufficiency of the sole federal count — which alleges a claim for unpaid overtime wages under the FLSA — may be assessed without considering the issue of preemption or consulting the CBA.  As the Court agrees that such cause of action is insufficiently pled, it will dismiss that count without prejudice on that ground alone and decline to exercise supplemental jurisdiction over the others.  The

Court will, however, dismiss only the Complaint and not the entire case, thus permitting Slaughter to amend.

### A. FLSA Claim

The FLSA ordinarily requires employers to pay "one and one-half times [an employee's] regular rate" for every hour she works in excess of forty in a given workweek. See 29 U.S.C. § 207(a); Galloway v. Chugach Gov't Servs., Inc., 199 F. Supp. 3d 145, 149 (D.D.C. 2016). To state a claim for unpaid overtime, Slaughter would thus need to allege, among other things, that he worked more than forty hours in a workweek and that Catholic did not pay him overtime for the excess hours. See Galloway, 199 F. Supp. 3d at 149. In seeking dismissal, Defendant maintains that he has not done so.

In the post-Twombly era, courts have at times reached divergent conclusions as to the level of factual specificity required to clear such pleading bar. Compare, e.g., Mell v. GNC Corp., 2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010) (dismissing FLSA claims where plaintiffs failed to "estimate the time periods in which they worked without proper overtime compensation"), with Freeman v. MedStar Health Inc., 87 F. Supp. 3d 249, 257 (D.D.C. 2015) ("Where a complaint alleges, as the amended complaint does, that overtime hours were worked but overtime wages were not received, it sufficiently states a claim to relief that is plausible on its face.") (cleaned up).

Although the D.C. Circuit has not yet weighed in, other circuit courts appear to be converging on a middle ground. The First Circuit, following its title, was the first to address this question in Pruell v. Caritas Christi, 678 F.3d 10 (1st Cir. 2012). Plaintiffs there had sued several hospitals and their executives for violating, *inter alia*, the overtime provisions of the FLSA. Id. at 11–12. After the district court dismissed the plaintiffs' initial complaint because it

lacked "even an allegation that they had worked in excess of forty hours in any workweek," plaintiffs filed an amended complaint alleging exactly that — *viz.*, they "regularly worked hours over 40 in a week and were not compensated for such time." Id. at 12–13. But that amendment, too, ultimately proved insufficient. Affirming the lower court's dismissal of the amended complaint, the First Circuit held that the amended language was "little more than a paraphrase of the statute." Id. at 13. The additional allegation that time plaintiffs spent working during meal breaks was automatically discounted — while conceivably describing a mechanism through which the overtime violations could have occurred — did not remediate that deficiency. The circuit took issue with the plaintiffs' failure to "provide examples (let alone estimates as to the amounts) of such unpaid time," "describe the nature of the work performed during those times," or allege anything to exclude the possibility that they received "additional compensation" that may have "offset any deficiency created by [that] uncompensated time." Id. at 14.

      The Second Circuit confronted a similar issue in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013), where the complaint alleged that one plaintiff "occasionally" and another "twice a month" worked longer than forty hours in a workweek without specifying that they were not paid overtime for those particular weeks. Id. at 114–15. In affirming the dismissal of that complaint, the court ruled that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Id. at 114.

      Other circuits have followed suit. See Davis v. Abington Mem'l Hosp., 765 F.3d 236, 242–43 (3d Cir. 2014) (adopting Lundy standard and affirming dismissal of FLSA overtime claims where plaintiffs alleged that they "frequently" worked over forty hours without specifying that in any such week they were deprived of overtime pay); Landers v. Quality Commc'ns, Inc.,

771 F.3d 638, 645–46 (9th Cir. 2014), as amended (Jan. 26, 2015) (agreeing with Pruell, Lundy, and Davis, and affirming dismissal of FLSA overtime claims where complaint lacked "any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek"); Hall v. DIRECTV, LLC, 846 F.3d 757, 777–78 (4th Cir. 2017) (adopting Lundy standard but reversing dismissal of overtime claims where complaint had described "in some detail [plaintiffs'] regular work schedules, rates of pay, and uncompensated work time," including estimates of hours worked per workweek and average weekly pay); see also Hirst v. Skywest, Inc., 910 F.3d 961, 966 (7th Cir. 2018) (extending Lundy standard to FLSA minimum-wage claims); ElHelbawy v. Pritzker, 663 F. App'x 658, 663 (10th Cir. 2016) (applying Lundy standard in unpublished decision); Lincoln-Odumu v. Med. Fac. Assocs., Inc., 2016 WL 6427645, at *12 (D.D.C. July 8, 2016) (noting split among district courts).

    These decisions, to be sure, do not necessarily imply that a plaintiff must identify the dates of any specific week in which she worked overtime and received less than time-and-a-half pay for the excess hours. The Third and Fourth Circuits have in fact explicitly rejected such a requirement. See Davis, 765 F.3d at 243 (cautioning that "we do not hold that a plaintiff must identify the exact dates and times that she worked overtime"); Hall, 846 F.3d at 777 (same). And they certainly do not demand approximations of overtime hours worked and wages owed. But the plaintiff must still provide sufficient factual context to support an inference that there is at least one workweek in which she worked overtime and was undercompensated. A general statement to that effect will not suffice. See Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."); Pruell, 678 F.3d at 13 (general allegation that plaintiffs worked more than forty hours merely "paraphras[ed]" FLSA and was

insufficient); see also Davis, 765 F.3d at 241 (characterizing Lundy standard as "middle-ground approach").

The Court agrees with Defendant that the Complaint here falls short of that standard. See MTD at 23–24. Plaintiff's allegations regarding the thirty-minute pre-shift rollcall and the hours he worked from March 16–31, 2021, are the most specific factual assertions in the Complaint potentially bearing on his FLSA overtime claim, yet neither raises the claim above the speculative level. Nowhere does the Complaint (or even the Opposition) allege that the pre-shift rollcall caused Slaughter to work longer than forty hours in any given workweek. See Compl.; ECF No. 9 (Opp.) at 18–22; see also Akinsinde v. Not-For-Profit Hosp. Corp., 216 F. Supp. 3d 33, 42 (D.D.C. 2016). As Catholic points out, furthermore, the March 2021 pay period encompasses sixteen — not fourteen — calendar days (*i.e.*, March 16–31, 2021). See MTD at 24. It does not follow (and the Court will not speculate) from the fact that Plaintiff worked 86 hours across those days that he worked more than forty hours in any given workweek within that timeframe. See 29 C.F.R. § 778.105 (defining "workweek" as "a fixed and regularly recurring period of 168 hours — seven consecutive 24-hour periods").

Beyond these allegations, all that remains in support of the overtime claim is the bare assertion that "CUA failed to pay Plaintiff . . . for working more than 40 hours in a weekly pay period." Compl., ¶ 26. That is precisely the sort of "paraphrase" of the FLSA deemed insufficient in Pruell and implicitly rejected by the circuit cases that followed. See Pruell, 678 F.3d at 13; see also Akinsinde, 216 F. Supp. 3d at 42 ("Without some facts, Plaintiff's bare assertion that 'she should have been paid at the overtime pay rate for all time worked over 40 hours per week' is insufficient to make out a claim under the FLSA."); Chan Chan v. Children's Nat'l Med. Ctr., 2019 WL 4471789, at *6 (D.D.C. Sept. 18, 2019) (allegation that Plaintiff was

"rejected overtime pay," without further detail, fails to state claim under FLSA).  Slaughter's overtime claim is therefore insufficient on its face, and the Court need not consider the payroll records for March 16–31 that Catholic has attached to its Motion to Dismiss to reach that conclusion.  See MTD at 24 n.6.

Plaintiff's arguments to the contrary largely miss the point and can be dispensed with quickly.  Catholic does not contend — and the Court does not hold — that he must "delineate the complete extent" of the overtime violation; instead, he must supply some factual detail beyond a recitation of the elements of his cause of action.  See Opp. at 19; ECF No. 10 (Reply) at 13.  The allegation regarding the March 2021 pay period may have served that function but for the fact that it spans 16 days — an inconvenient detail that Plaintiff does not squarely address.  And the principal case he relies upon, Galloway v. Chugach Government Services, Inc., 199 F. Supp. 3d 145 (D.D.C. 2016), can be distinguished.  See Opp. at 18–21.  The overtime claim in Galloway, in contrast to the one here, "comfortably satisfie[d] the usual pleading standard" in part because it specified that the plaintiffs "regularly" worked "more than five shifts per week" and estimated that they worked at least 250 hours of overtime per year over three years.  Id. at 150–51.  Plaintiff's overtime claims here are not nearly as detailed.  See, e.g., Compl., ¶¶ 19, 26 (alleging that Plaintiff "regularly worked overtime without compensation" but including no shift numbers or estimations).

Count II will therefore be dismissed without prejudice.  Further, as the federal question raised in that count was the sole basis for the Court's subject-matter jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining D.C. wage claims.  See 28 U.S.C. § 1367(c)(3).

8

B. Leave to Amend

The Court will therefore dismiss Plaintiff's Complaint in its entirety. The case, however, still lives. See Ciralsky v. CIA, 355 F.3d 661, 666–67 (D.C. Cir. 2004) (explaining that dismissal of a case — whether with or without prejudice — is final and appealable decision that terminates the action, whereas dismissal of complaint without prejudice allows plaintiff to "amend his pleading and continue the litigation") (citation omitted). Within thirty days from the date this Opinion is filed, Plaintiff may file an Amended Complaint setting forth in greater detail the factual basis for his claims.

IV. Conclusion

The Court, in short, will dismiss Slaughter's Complaint but permit him to amend it. An Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: November 15, 2023